NOT FOR PUBLICATION WITHOUT THE
 APPROVAL OF THE APPELLATE DIVISION
 This opinion shall not "constitute precedent or be binding upon any court."
 Although it is posted on the internet, this opinion is only binding on the
 parties in the case and its use in other cases is limited. R. 1:36-3.

 SUPERIOR COURT OF NEW JERSEY
 APPELLATE DIVISION
 DOCKET NO. A-2064-15T1
RATAN HOTEL PLAZA, LLC,

 Plaintiff-Appellant,

v.

ZONING BOARD OF THE CITY OF
EAST ORANGE and EAST ORANGE
HOSPITALITY, LLC,

 Defendants-Respondents.
_______________________________

 Argued September 11, 2017 – Decided October 11, 2017

 Before Judges Accurso and O'Connor.

 On appeal from Superior Court of New Jersey,
 Law Division, Essex County, Docket No.
 L-3579-15.

 R.S. Gasiorowski argued the cause for
 appellant (Gasiorowski & Holobinko,
 attorneys; Mr. Gasiorowski, on the brief).

 Victor J. Herlinsky, Jr., argued the cause
 for respondent East Orange Hospitality, LLC
 (Sills Cummis & Gross, PC, attorneys; Mr.
 Herlinsky and Adam J. Faiella, of counsel
 and on the brief).

 Michael S. Rubin argued the cause for
 respondent Zoning Board of Adjustment of the
 City of East Orange (Law Offices of Michael
 S. Rubin, attorneys, join in the brief of
 respondent East Orange Hospitality, LLC).
PER CURIAM

 Defendant East Orange Hospitality, LLC, sought to redevelop

a long-vacant hotel in the Evergreen Square Redevelopment

District in East Orange by reducing the number of rooms and

turning its restaurant and nightclub into a separate adult day

care center with medical facilities. Hospitality needed two use

variances, one for the adult day care center and the other to

combine two principal uses on one site, with one being a hotel.

It also needed bulk variances for the number and width of

parking spaces, non-attendant stacked parking, ninety degree

parking, non-conforming parking lot landscaping, front yard

parking, rear yard setback relief and a monument sign exceeding

permitted height and width. Except for the number of parking

spaces and the sign, the bulk variances were all for conditions

existing when the former hotel was operating.

 At the direction of the East Orange zoning officer,

Hospitality applied to the City's zoning board for major site

plan approval and variance relief. Plaintiff Ratan Hotel Plaza,

LLC, owner of a nearby Ramada Inn, objected to the application,

which the zoning board unanimously approved after several public

hearings involving the testimony of many professionals on both

sides.

 2 A-2064-15T1
 Ratan filed a prerogative writs action challenging the

approval. It claimed the zoning board lacked jurisdiction to

grant site plan approval under the Redevelopment Plan, and the

grant of the required variances was arbitrary and capricious.

Judge Rothschild rejected Ratan's jurisdictional argument in a

written opinion. The judge noted there was no dispute that the

Municipal Land Use Law (MLUL), N.J.S.A. 40:55D-1 to -163, vests

exclusive authority in the zoning board to grant site plan

approval when an application requires a use variance. See

N.J.S.A. 40:55D-76b; Najduch v. Twp. of Indep. Planning Bd., 411

N.J. Super. 268, 277 (App. Div. 2009). The parties also agreed

that the Redevelopment Plan vests authority to grant use

variances in the zoning board and bulk variances in the planning

board, and further provides that "site plan review shall be

conducted by the Planning Board in accordance with N.J.S.A.

40:55D-1 et seq."

 Judge Rothschild acknowledged "the unfortunate

circumstances" that "the Redevelopment Plan's language does not

run smoothly parallel to the authoritative language within the

MLUL." He found it highly unlikely, however, that the

Legislature in the Local Redevelopment and Housing Law, N.J.S.A.

40A:12A-1 to -49, under which the Redevelopment Plan was

adopted, would have silently stripped zoning boards of their

 3 A-2064-15T1
long-held, exclusive power to grant site plan approval in cases

in which the applicant was seeking a use variance. Judge

Rothschild concluded if the Legislature intended such a

significant change, "it is far more likely that it would have

added language that explicitly" expressed its intention, "yet

[the Local Redevelopment Law] is silent on the matter."

 Reading the Local Redevelopment Law in pari materia with

the MLUL, Judge Rothschild found the Local Redevelopment Law did

not strip zoning boards of their exclusive power under the MLUL

to hear site plan applications and grant bulk variances to

applicants seeking a use variance. Our cases and the

commentators are in accord. See Weeden v. City Council of the

City of Trenton, 391 N.J. Super. 214, 228 (App. Div.), certif.

denied, 192 N.J. 73 (2007); William M. Cox and Stuart R. Koenig,

New Jersey Zoning and Land Use Administration, § 11-10.2 at 250-

51 (2017). The judge thus concluded the Redevelopment Plan's

provision that "site plan review shall be conducted by the

Planning Board in accordance with N.J.S.A. 40:55D-1 et seq."

permitted the zoning board to hear Hospitality's application in

accordance with N.J.S.A. 40:55D-76b, as it would under the MLUL.

 Turning to Ratan's substantive arguments, Judge Rothschild

found Ratan failed to establish the zoning board's decision to

grant the variances was arbitrary or capricious. As to the

 4 A-2064-15T1
positive criteria, the judge concluded an operating hotel was

clearly preferable to a neglected building vacant since 2007 and

that an adult day care center "would also serve to enrich the

surrounding community" more so than the restaurant and nightclub

formerly on the site. He found Hospitality easily demonstrated

the need for adult day care in East Orange, and that the

property was uniquely suited for its proposed new use.

 Regarding the negative criteria, Judge Rothschild found "no

basis to conclude the grant of the variances will cause a

substantial detriment to the public good" or impair the intent

and purpose of the zoning plan and ordinance. To the contrary,

he found that "the implementation of the hotel and adult day

care on the property seems to directly advance the goals of the

Redevelopment Plan by generating business in the area and

providing lodging and hospitality services."

 Ratan appeals, reprising the arguments it made in the Law

Division that the zoning board was without jurisdiction to grant

the approvals, and that the grant of both the use variances and

the bulk variances was arbitrary and capricious. We conclude

Ratan's appeal of the use variances has become moot by

intervening events and that its challenge to the zoning board's

ability to grant the site plan approval and its approval of the

 5 A-2064-15T1
bulk variances is without merit for the reasons expressed by

Judge Rothschild.

 Two weeks after Judge Rothschild entered judgment

dismissing Ratan's prerogative writs complaint, East Orange

amended the Redevelopment Plan to permit adult day care

facilities and multiple principal uses on a site when one is a

hotel. Because Hospitality no longer requires a use variance

for its proposed redevelopment, the propriety of the Board's

grant of those variances has become wholly academic, and thus

moot. See Jai Sai Ram, LLC v. Planning/Zoning Bd. of the

Borough of S. Toms River & Wawa, Inc., 446 N.J. Super. 338, 345

(App. Div.), certif. denied, 228 N.J. 69 (2016).

 We reject Ratan's challenge to the zoning board's

jurisdiction to hear Hospitality's application for site plan

approval for the reasons expressed by Judge Rothschild. As we

explained in Weeden, "an application for an exception to a

redevelopment plan requirement, of a type that would ordinarily

constitute a use variance, should be heard by a zoning board."

Weeden, supra, 391 N.J. Super. at 226.

 We agree with Judge Rothschild that the Redevelopment Law

and the MLUL should be read together in a manner that harmonizes

both. Id. at 228-29. Doing so leads ineluctably to the

conclusion that the zoning board properly exercised its

 6 A-2064-15T1
jurisdiction to entertain Hospitality's application for site

plan approval and bulk variances ancillary to its review of the

requested use variance. See Najduch, supra, 411 N.J. Super. at

277. To the extent the bulk variances were not subsumed in the

grant of the use variances, see Price v. Himeji, LLC, 214 N.J.

263, 300 (2013), Judge Rothschild's conclusion that any harm

from granting them was substantially outweighed by the benefits

is amply supported in the record. See Jacoby v. Zoning Bd. of

Adjustment of Borough of Englewood Cliffs, 442 N.J. Super. 450,

471 (App. Div. 2015).

 Ratan's challenge to the zoning board's grant of the use

variances to Hospitality is moot. We reject the remainder of

its arguments for the reasons expressed by Judge Rothschild in

his carefully reasoned opinions of July 24 and December 14,

2015.

 Affirmed.

 7 A-2064-15T1